Brook B. Bond, ISB No. 6340
Patrick M. Ngalamulume, ISB No. 11200
PARSONS BEHLE & LATIMER
800 W. Main Street, Suite 1300
Boise, ID  83702
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email: BBond@parsonsbehle.com
　　　　PNgalamulume@parsonsbehle.com

Attorneys for Defendant/Counterclaimant
Kinsale Insurance Company

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST COASTERS, INC., an Idaho corporation,<br><br>　　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>KINSALE INSURANCE COMPANY, an Arkansas company,<br><br>　　　　Defendant/Counterclaimant. | Case No. 3:23-00057-DCN<br><br>**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION** |

Defendant Kinsale Insurance Company ("Kinsale" or "Defendant"), by and through its undersigned counsel of record, Parsons Behle & Latimer, by way of answer to the Complaint filed by Plaintiff Northwest Coasters, Inc. ("Northwest Coasters" or "Plaintiff"), pleads and alleges as follows:

## ADMISSIONS AND DENIALS

Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 1**

## PARTIES

1. In response to Paragraph 1 of the Complaint, Defendant admits that Northwest Coasters is an Idaho corporation with its principal place of business located in Lewiston, Nez Perce County, Idaho. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 1.

2. In response to Paragraph 2 of the Complaint, Defendant admits the allegations set forth therein.

## VENUE AND JURISDICTION

3. The allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that jurisdiction and venue are proper in the United States District Court for the District of Idaho.

## GENERAL ALLEGATIONS

4. In response to Paragraph 4 of the Complaint, Defendant admits the allegations set forth therein.

5. In response to Paragraph 5 of the Complaint, Defendant denies the allegations set forth therein.

6. In response to Paragraph 6 of the Complaint, Defendant denies the allegations set forth therein.

7. In response to Paragraph 7 of the Complaint, Defendant denies the allegations set forth therein.

8. In response to Paragraph 8 of the Complaint, Defendant denies the allegations set forth therein.

9. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 9 of the Complaint and, therefore, denies the same.

10. In response to Paragraph 10 of the Complaint, Defendant admits only that, to date, no claims have been made on the Relevant Policies, but denies the remaining allegations set forth therein.

11. In response to Paragraph 11 of the Complaint, Defendant admits the allegations set forth therein.

12. In response to Paragraph 12 of the Complaint, Defendant admits the allegations set forth therein.

13. In response to Paragraph 13 of the Complaint, Defendant admits the allegations set forth therein.

14. In response to Paragraph 14 of the Complaint, Defendant admits the allegations set forth therein.

15. In response to Paragraph 15 of the Complaint, Defendant admits that it demanded that Northwest Coasters pay an additional premium of $165,167 by November 10, 2022. Defendant denies remaining portions of Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant admits that it demanded that Northwest Coasters pay an additional premium of $107,740 by November 10, 2022. Defendant denies the remaining portions of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendant objects that the document referenced speaks for itself and no response is necessary. Insofar as a response is required, Defendant denies the allegations set forth therein.

18. In response to Paragraph 18 of the Complaint, Defendant objects that the document referenced speaks for itself and no response is necessary. Insofar as a response is required, Defendant denies the allegations set forth therein.

19. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same. Defendant denies that its calculations and methods for additional premiums are incorrect per the terms of the relevant policies and has no knowledge precisely why Plaintiff disputes such calculations and methods.

20. In response to Paragraph 20 of the Complaint, Defendant denies that there was no meeting of the minds as to the key terms of insurance. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same.

21. In response to Paragraph 21 of the Complaint, Defendant denies the allegations set forth therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies the allegations set forth therein.

23. In response to Paragraph 23 of the Complaint, Defendant denies the allegations set forth therein.

24. In response to Paragraph 24, Defendant admits only that Exhibit K contains true and correct copies of the notices of cancellation. Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations set forth therein and, therefore, denies the same.

26. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies the same.

27. In response to Paragraph 27 of the Complaint, Defendant denies the allegations set forth therein.

## COUNT ONE
## Declaratory Judgment

28. In response to Paragraph 28 of the Complaint, Defendant repeats and realleges each of the preceding paragraphs correspondingly as if set forth in full herein.

29. In response to Paragraph 29 of the Complaint, Defendant denies the allegations set forth therein.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 30.

## COUNT TWO
## Breach of Fiduciary Duty

31. In response to Paragraph 31 of the Complaint, Defendant repeats and realleges each of the preceding paragraphs correspondingly as if set forth in full herein.

32. Paragraph 32 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 32.

33. In response to Paragraph 33 of the Complaint, Defendant denies the allegations set forth therein.

34. In response to Paragraph 34 of the Complaint, Defendant denies the allegations set forth therein.

## COUNT THREE
### Breach of Covenant of Good Faith and Fair Dealing

35. In response to paragraph 35 of the Complaint, Defendant repeats and realleges each of the preceding paragraphs correspondingly as if set forth in full herein.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

37. In response to Paragraph 37 of the Complaint, Defendant denies the allegations set forth therein.

38. In response to Paragraph 38 of the Complaint, Defendant denies the allegations set forth therein.

## COUNT FOUR
### Breach of Contract (Young vs. Kinsale)

39. In response to Paragraph 39 of the Complaint, Defendant repeats and realleges each of the preceding paragraphs as if set forth in full herein.

40. In response to Paragraph 40 of the Complaint, Defendant denies the allegations set forth therein.

41. In response to Paragraph 41 of the Complaint, Defendant denies the allegations set forth therein.

## COUNT FIVE
### Injunctive Relief

42. In response to Paragraph 42 of the Complaint, Defendant repeats and realleges each of the preceding paragraphs correspondingly as if set forth in full herein.

43. In response to Paragraph 43 of the Complaint, Defendant denies the allegations set forth therein.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 6**

44. In response to Paragraph 44 of the Complaint, Defendant denies the allegations set forth therein.

45. In response to Paragraph 45 of the Complaint, Defendant denies the allegations set forth therein.

### Plaintiff's Request for Attorney's Fees

46. In response to Paragraph 46 of the Complaint, Defendant denies the allegations set forth therein.

### Plaintiff's Prayer for Relief

47. Defendant denies that Plaintiff is entitled to the relief requested in paragraphs 1-5 of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Defendant, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendant but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, in asserting any defense, Defendant does not admit any responsibility or liability of Defendant but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 7

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid any damages it allegedly sustained, and any recovery against Defendant must be reduced accordingly.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the provisions, terms, exclusions, definitions, limitations, conditions, and endorsements contained in the insurance policies at issue in this litigation.

## FOURTH AFFIRMATIVE DEFENSE

Any purported obligation on the part of Defendant was subject to various terms and conditions precedent, and these terms and conditions precedent have not occurred. Accordingly, Plaintiff's claims for relief against Defendant are barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint does not set forth an actual controversy upon which an injunctive relief judgment may be rendered to the extent the matters alleged therein or otherwise do not justify injunctive relief as a matter of fact or law.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to the terms of the Relevant Policies, "all disputes…shall be subject to binding arbitration…which shall be the sole and exclusive means to resolve the dispute."

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff previously entered into a valid agreement with Defendant, which contains a provision requiring that all disputes between the parties be submitted to arbitration.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 8**

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the failure of conditions precedent and that the claims are subject to a binding and mandatory arbitration agreement.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are the subject of Defendant's concurrently filed motion to stay/dismiss to allow binding arbitration as required by the Relevant Policies. Accordingly, Kinsale defers answer to Plaintiff's claims until resolution of the motion.

### RULE 11 STATEMENT

Defendant has considered and believes that it may have additional defenses, but does not have enough information at this time to assert such additional defenses under Rule 11 of the Federal Rules of Civil Procedure. Defendant does not intend to waive any such defenses and specifically asserts its intention to amend this Answer if, pending research and after discovery, facts come to light giving rise to such additional defenses.

### ATTORNEY'S FEES AND COSTS

Defendant has been required to retain the services of Parsons Behle & Latimer in order to answer the allegations raised in the Complaint filed by Plaintiff. Defendant is entitled to recover its reasonable attorney's fees and costs of suit pursuant to Idaho Code §§ 12-120 and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rule or statute.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for entry of judgment against Plaintiff, as follows:

1. That the Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 9**

2. That Defendant be awarded its costs, including reasonable attorney's fees pursuant to Idaho Code §§ 12-120 and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rule or statute;

3. That judgment be entered in favor of Defendant on all claims for relief raised in the Complaint; and

4. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimant Kinsale Insurance Company ("Kinsale" or "Counterclaimant"), by and through its undersigned counsel of record, Parsons Behle & Latimer, by way of counterclaim to the allegations raised in the Complaint filed by Northwest Coasters, Inc. ("Northwest Coasters" or "Counterdefendant"), pleads and alleges as follows:

### PARTIES

1. Counterclaimant is an eligible surplus lines insurance company incorporated under the laws of the state of Arkansas, with its principal place of business located in Richmond, Virginia.

2. Upon information and belief, and as alleged in the Complaint, Counterdefendant Northwest Coasters is an Idaho corporation with its principal place of business located in Lewiston, Nez Perce County, Idaho.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties here are completely diverse. Additionally, "[i]n actions seeking declaratory … relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The object of this litigation is insurance policies

issued by Kinsale to Counterdefendant with aggregate limits of $2,000,000 and a dispute in the amount plainly stated in the Complaint exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2). Counterdefendant resides in Lewiston, Nez Perce County, Idaho. Additionally, Counterdefendant "has certain minimum contacts with [Idaho] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Wells Cargo, Inc. v. Transport Ins. Co.*, 676 F. Supp. 2d 1114, 1119 (D. Idaho 2009).

## GENERAL ALLEGATIONS

5. Kinsale issued various insurance policies to Counterdefendant.

6. Kinsale issued Commercial General Liability Insurance Policy No. 0100130597-1 ("2021 CGL Policy") to Counterdefendant for the policy period October 23, 2021 to October 23, 2022, a copy of which is attached as Exhibit E to the Complaint.

7. Kinsale issued Excess Liability Insurance Policy No. 0100130627-1 ("2021 EL Policy") to Counterdefendant for the policy period October 23, 2021 to October 23, 2022, a copy of which is attached as Exhibit F to the Complaint. The 2021 CGL Policy and the 2021 EL Policy are collectively referenced hereinafter as the "2021 Policies."

8. Kinsale issued Commercial General Liability Insurance Policy No. 0100213540-0 ("2022 CGL Policy") to Counterdefendant for the policy period November 2, 2022 to November 2, 2023, a copy of which is attached as Exhibit G to the Complaint.

9. Kinsale issued Excess Liability Insurance Policy No. 0100213639-0 ("2022 EL Policy") to Counterdefendant for the policy period November 2, 2022 to November 2, 2023, a copy of which is attached as Exhibit H to the Complaint. The 2022 CGL Policy and the 2022 EL

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 11**

Policy are collectively referenced hereinafter as the "2022 Policies; and the 2021 Policies and 2022 Policies are collectively referenced hereinafter as the "Relevant Policies."

10. In early November 2022, Kinsale notified Counterdefendant that an additional premium was required pursuant to the terms of an audit performed under the terms of the 2021 CGL Policy. Copies of such notice and invoice are attached as Exhibit I to the Complaint.

11. In early November 2022, Kinsale notified Counterdefendant that an additional premium was required pursuant to the terms of an audit performed under the terms of the 2021 EL Policy. Copies of such notice and invoice are attached as Exhibit J to the Complaint.

12. The Relevant Policies provide that Kinsale may cancel insurance based on non-payment of premiums on 10 days' notice.

13. After Kinsale provided notice of the additional premiums due under the 2021 Policies in early November 2022, Counterdefendant refused to pay the additional premiums.

14. On December 16, 2022, Kinsale issued Notices of Cancellation for the 2022 Policies based upon non-payment of audit premiums due under the 2021 Policies, effective December 29, 2022. Copies of such Notices of Cancellation are attached as Exhibit K to the Complaint.

15. Counterclaimant is entitled to cancel insurance policies for non-payment of audit premiums.

16. All claims and disputes under the Relevant Policies are subject to mandatory binding arbitration.

## COUNT ONE
### (Demand for Arbitration)

17. Kinsale repeats, realleges and incorporates by reference each of the preceding paragraphs of this Counterclaim as if fully set forth herein.

18.  Kinsale hereby demands binding arbitration between the parties as required by the Relevant Policies.

## COUNT TWO
### (Declaratory Judgment 28 U.S.C. § 2201(a))

19.  Kinsale repeats, realleges and incorporates by reference each of the preceding paragraphs of this Counterclaim as if fully set forth herein.

20.  Kinsale is permitted to obtain a declaration of the rights, status, and other legal relations among Kinsale and Counterdefendant relating to the Relevant Policies under 28 U.S.C. § 2201(a).

21.  An actual controversy exists between Kinsale and Counterdefendant as to the interpretation of the Relevant Policies and relevant facts surrounding the same.

22.  Pursuant to the terms of the Relevant Policies, Kinsale is entitled to additional premiums which Counterdefendant has refused to pay.

23.  Pursuant to the terms of the Relevant Policies, Kinsale may cancel the insurance policies for nonpayment of premiums due thereunder.

24.  Kinsale requests this Court to declare that:

    a.  Kinsale is owed additional premiums under the Relevant Policies which Counterdefendant has refused to pay; and

    b.  Kinsale is not required to provide Counterdefendant with continuing insurance coverage under the Relevant Policies.

## COUNT THREE
### Breach of Contract

25.  Kinsale repeats, realleges and incorporates by reference each of the preceding paragraphs of this Counterclaim as if fully set forth herein.

26. Counterdefendant's failure to pay the additional premium due under the 2021 CGL Policy constitutes breach of 2021 and 2022 contracts.

27. Counterdefendant's failure to pay the additional premium due under the 2021 EL Policy constitutes breach of the 2021 and 2022 contracts.

28. As a direct and proximate result of Counterdefendant's breaches of contract, Kinsale has suffered and will continue to suffer damages in an amount to be determined at trial.

## ATTORNEY'S FEES AND COSTS

Kinsale has been required to retain the services of Parsons Behle & Latimer in order to defend the allegations raised in the Complaint filed by Northwest Coasters including raising the counterclaims herein. Kinsale is entitled to recover its reasonable attorney's fees and costs of suit pursuant to Idaho Code §§ 12-120 and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rule or statute.

## PRAYER FOR RELIEF

WHEREFORE, Kinsale prays for entry of judgment against Counterdefendant Northwest Coasters, as follows:

1. For an order compelling arbitration pursuant to the terms of the Relevant Policies;

2. That judgment be entered in favor of Kinsale on all claims for relief raised in the Counterclaim;

3. For an order and judgment declaring that Kinsale may cancel Counterdefendant's insurance coverage under the Relevant Policies for nonpayment of premiums due thereunder;

4. For an order that Kinsale is entitled to judgment in an amount to be proven at trial for additional premiums due under the Relevant Policies;

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 14**

5. For an order and judgment declaring that Counterdefendant is not entitled to continuing insurance coverage from Kinsale under the Relevant Policies;

6. For other related declarations necessary to effectuate the terms of the Relevant Policies;

7. For an order that no costs, expenses, attorneys' fees, or other relief shall be awarded to Counterdefendant;

8. For an order awarding Kinsale its costs, including reasonable attorney's fees pursuant to Idaho Code §§ 12-120 and 12-121, Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rule or statute; and

9. For such other and further relief as the Court deems just and proper.

DATED THIS 8th day of February, 2023.

PARSONS BEHLE & LATIMER


By */s/ Brook B. Bond*
    Brook B. Bond
    Patrick M. Ngalamulume
Attorneys for Defendant/Counterclaimant
Kinsale Insurance Company

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 15**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of February, 2023, I electronically filed the within and foregoing instrument with the Clerk of the Court using the CM/ECF system, which caused the following parties and counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Jonathan D. Hally, *Attorney for Plaintiff*
    JonHally@idahoconstructionlawyers.com


    */s/ Brook B. Bond*
    Brook B. Bond

**ANSWER, COUNTERCLAIM, AND DEMAND FOR ARBITRATION - 16**