UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NORTHWEST COASTERS, INC., an Idaho corporation,<br><br>              Plaintiff/Counterdefendant,<br><br>v.<br><br>KINSALE INSURANCE COMPANY, an Arkansas company,<br><br>              Defendant/Counterclaimant. | Case No. 3:23-cv-00057-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Kinsale Insurance Company's ("Kinsale") Motion to Enter Judgment and Dismiss Case with Prejudice (Dkt. 30). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants the motion.[1]

### FACTUAL BACKGROUND

**A.     The Policies and Underlying Dispute**

Plaintiff Northwest Coasters, Inc. ("NWC") alleges Kinsale issued a 2021 CGL policy and 2021 excess policy for October 23, 2021, to October 23, 2022, and a 2022 CGL policy and 2022

---

[1] Also pending are two motions to seal (Dkts. 39, 42) and a motion for an extension of time to file (Dkt. 37). The Court grants all three motions.

MEMORANDUM DECISION AND ORDER - 1

excess policy for November 2, 2022, to November 2, 2023 (Dkt. 1-1 at 3). NWC alleges that after the 2021 policy period, Kinsale demanded an additional premium based on an audit and a premium calculation tied to "Gross Sales," and that the parties' dispute centered on what financials count as "Gross Sales" for audit/additional premium purposes (*id.* at 4-6). NWC further alleges that, in the context of that premium dispute, Kinsale issued notices canceling the 2022 policies (*id.* at 6-7).

**B.  NWC's Claims**

NWC alleges claims for declaratory judgment, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, breach of contract, and injunctive relief (*id.* at 8-10). The claims, as pled, appear tethered to the premium dispute and the alleged cancellation for non-payment in that context (*id.* at 8-10).

**C.  The Binding Arbitration Clause**

The "Common Conditions-Casualty" form begins: "All disputes under this Policy shall be subject to binding arbitration as follows" (*id.* at 48). It then separates disputes into: (a) coverage/rights disputes; and (b) disputes "regarding payment(s) owed under this Policy for any deductible or premium, including but not limited to any audit premium," which "shall be settled by binding arbitration administered by the American Arbitration Association in accordance with the AAA Expedited Procedures" (*id.* at 48-49). The subsection (b) language further provides: "This arbitration shall be the sole and exclusive means to resolve the dispute. Either party may initiate the binding arbitration" (*id.* at 49).

**D.  The Arbitration Award and Clarified Award**

The July 10, 2024, award states: "Scope: This arbitration is limited by the parties' agreement in the subject insurance policies to a dispute concerning payment of premiums, including audit premiums. Therefore, any and all claims made by the parties that fall outside the

MEMORANDUM DECISION AND ORDER - 2

scope of this arbitration have not been considered and will not be included in this Award" (Dkt. 31-6 at 2). The award further states: "This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied" (*id.* at 3). On August 6, 2024, the arbitrator clarified paragraph 18 to state: "Therefore, the total audit premium due to be paid by NWC to Kinsale is $59,618.29" (Dkt. 31-7 at 2).

## RELEVANT ARBITRATION HISTORY

On February 8, 2023, Kinsale moved "to compel arbitration of each of the claims" alleged in NWC's Complaint and to "stay or dismiss (without prejudice)" all claims pending arbitration; this motion included a request to stay any claims deemed non-arbitrable to avoid parallel proceedings (Dkt. 5 at 1) (citing 9 U.S.C. § 3 and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983)). NWC filed a notice of non-opposition stating it "agree[d] with this Court staying the suit pending arbitration" (Dkt. 7 at 1).

On March 23, 2023, the Court granted the motion, entered an order compelling arbitration, and stayed this action (Dkt. 10 at 1-2). The Court explained that "all disputes under the relevant insurance policies are subject to binding arbitration," citing the arbitration clauses from each policy that address premiums and deductibles (*id.* at 1). It further ordered that if the parties desired "further resolution" of the dispute, they were to proceed to arbitration (*id.* at 1-2).

At arbitration, however, the parties did not agree whether "all disputes under the relevant policies" were, in fact, subject to binding arbitration. As a result, at arbitration NWC (apparently) limited its arguments to what it felt were its claim(s) relating to premium disputes while Kinsale arbitrated (apparently) all of Plaintiff's claims (Dkts. 30, 31, 40, 40-1).

The parties reiterate this dichotomy here. Kinsale moves for entry of judgment and dismissal of this action with prejudice (Dkt. 30 at 1; Dkt. 31 at 16). Meanwhile, NWC opposes,

**MEMORANDUM DECISION AND ORDER - 3**

arguing the arbitration that occurred was limited to premium amounts and did not resolve non-premium disputes (Dkt. 40 at 4-8; Dkt. 40-1 at 7-8). Kinsale replies that all claims and counterclaims in this action are premium-payment disputes already compelled to arbitration and that NWC's choice not to present known claims in arbitration does not preserve them for later litigation (Dkt. 41 at 2-7).

## LEGAL STANDARD

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The grounds are "limited" and "exclusive." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id.*; *Gibson v. Nabors Completion & Prod. Servs. Co.*, No. 21-cv-8450-DDP-JPR, 2022 WL 1092628, at *2 (C.D. Cal. Apr. 11, 2022).

## ANALYSIS

A.   **Confirmation of the Clarified Award and Entry of Judgment**

The arbitration clause provides that an arbitrator's judgment or award "may be entered in any court having jurisdiction to enforce such judgment or award" (Dkt. 1-1 at 49). The arbitrator issued an award on July 10, 2024, and a clarified award on August 6, setting the total audit premium due at $59,618.29 (Dkt. 31-6 at 2-3; Dkt. 31-7 at 2). No party asks the Court to vacate, modify, or correct the award in connection with the pending motion (Dkt. 30; Dkt. 40; Dkt. 41). Accordingly,

MEMORANDUM DECISION AND ORDER - 4

the Court confirms the award as clarified and will direct the Clerk of Court to enter judgment in favor of Kinsale and against NWC in the amount of $59,618.29. 9 U.S.C. §§ 9, 13; (Dkt. 31-7 at 2).

**B.    Dismissal Requested**

Kinsale asks the Court to dismiss "this action, including all claims and counterclaims asserted therein, with prejudice" (Dkt. 30 at 1; Dkt. 31 at 16). As noted above, NWC contends the arbitration it pursued did not resolve all disputes brought as part of this lawsuit, and points to its reservation language in the arbitration demand (Dkt. 40 at 4-8; Dkt. 40-1 at 7-8).

The record from the motion-to-compel stage establishes the scope of what was compelled to arbitration and stayed in this action. Kinsale moved to compel arbitration of "each of the claims" NWC asserted (Dkt. 5 at 1). In support, Kinsale relied on the subsection (b) premium/deductible arbitration provision; represented that identical subsection (b) language appears in each relevant 2021 and 2022 CGL and excess policy; and provided a count-by-count mapping, arguing Counts I-V are disputes "regarding payment(s) owed . . . for any deductible or premium," including audit premium, governed by subsection (b) and the AAA Expedited Procedures (Dkt. 5-1 at 2-6). Kinsale's bottom-line position was explicit: "Because each of the Counts I-V . . . are encompassed by the language of the arbitration clauses [NWC] must arbitrate each claim" (*id.* at 5).

NWC did not oppose that request and agreed the suit should be stayed pending arbitration (Dkt. 7 at 1). The Court granted the motion and compelled arbitration based on the policies' binding arbitration provisions, concluding "all disputes under the relevant insurance policies are subject to binding arbitration" (Dkt. 10 at 1).

Nonetheless, the parties now focus on whether the arbitration encompassed premium disputes or non-premium disputes. The Court, however, is focused on the relief that was requested

MEMORANDUM DECISION AND ORDER - 5

and the order that was entered when this matter was sent to arbitration. The Court ordered that "all" claims under the policies were subject to arbitration and that any further dispute resolution should take place through arbitration (Dkt. 10). For this reason, neither NWC's decision not to submit "all" claims to arbitration nor the arbitrator's acknowledgment that the arbitration was a "dispute concerning payment of premiums, including audit premiums" is relevant to this analysis (Dkt. 31-6 at 2).

NWC's unilateral reservation language in its arbitration demand does not alter the scope of what the Court compelled to arbitration or what NWC agreed must be arbitrated, nor does it preserve for federal-court litigation claims the Court compelled to arbitration. (Dkt. 40-1 at 7-8; Dkt. 10 at 1-2). The ambiguity regarding what was tried in arbitration may require "further resolution" or such serial efforts may be barred; but the parties must learn that through arbitration at this point, if at all. *See Harvey v. O'Quinn*, 57 F. App'x 754, 755 (9th Cir. 2003) (unpublished). The Court has discretion to stay or dismiss an action that is arbitrable. *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014). Accordingly, the Court grants Kinsale's motion.

## ORDER

IT IS ORDERED:

1. Defendant Kinsale Insurance Company's Motion to Enter Judgment and Dismiss Case (Dkt. 30) is **GRANTED** as to entry of judgment, and all claims are **DISMISSED** without prejudice.

2. The arbitration award dated July 10, 2024, as clarified on August 6, 2024, is **CONFIRMED**.

MEMORANDUM DECISION AND ORDER - 6

3. The Motion to Extend Time (Dkt. 37) and the Motions to Seal (Dkts. 39 and 42) are **GRANTED**.

4. The Clerk of Court is directed to enter judgment in favor of Defendant Kinsale Insurance Company and against Plaintiff Northwest Coasters, Inc. in the amount of $59,618.29.

5. Consistent with the award, each party shall bear its own attorney fees and costs.

6. The Clerk of Court shall close this case.

DATED: March 04, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge